

**LAW OFFICES OF WILLIAM CAFARO**

www.cafaroverdicts.com

William Cafaro, Esq.
ADMITTED IN NY, CA, MD & TX

108 West 39th Street, Suite 602
New York, New York 10018
Telephone: 212.583.7400
Facsimile: 212.583-7401
Email: bcafaro@cafarocsq.com

February 11, 2014

*Via ECF*
Judge Joan M. Azrack, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 605N
Brooklyn, NY 11201

      **Re: Colon v. GMG Realty Corp.,** *et ano*
      **Index No.: 13-CIV-04173**

Your Honor:

   The parties have settled this FLSA matter and request by way of this joint letter motion, that the court approve the settlement as fair and reasonable. A copy of the settlement agreement is attached hereto as Exhibit A. The Defendants believe that they would risk being sued again by the same plaintiff if the settlement is not approved. *Picerni v. Bilingual Seit & Preschool, Inc.*, 925 F. Supp.2nd 368, 369 (E.D.N.Y. 2013). The parties jointly agree that the settlement is fair and reasonable based on the following facts:

   The Plaintiff, Moises Colon, alleges he worked for the Defendants predominantly as a porter and building maintenance worker. Plaintiff alleges he worked seven days per week and was subject to the following schedule: Mondays, Wednesdays and Fridays from 9AM through 7PM; Tuesdays and Thursdays from 9AM through 11PM; Saturdays and Sundays from 7AM-7:30AM, 9PM-9:30PM, and 5PM-7:30PM or 6PM-8:30PM, for a total of 3.5 hours for each weekend workday. Plaintiff further alleges that he was paid approximately $400.00 per week.

   The Plaintiff's calculations did not make allowance for breaks which total to one hour per day, which is not disputed for the purposes of negotiation. As is common, there were some weeks in which the plaintiff did not work a full 40 hours, due to sickness or other personal issues. Because of this the Plaintiff's attorney was satisfied that an average work week of 45 hours, inclusive of 5 hours of overtime a week, was a fair and reasonable compromise for purposes of negotiation.

**Re: Colon v. GMG Realty Corp.,** *et ano*
**Index No.: 13-CIV-04173**
February 11, 2014

      The calculation for each individual claim is demonstrated in the enclosed spreadsheet, attached hereto as Exhibit B.  A summary of the claims according to the Plaintiff is as follows:

| Minimum Wage owed | Liquidated Damages on Minimum Wage | Overtime Wage Owed | Liquidated Damages on Overtime | Spread of Hours | Liquidated Damages on Spread of Hours | TOTAL |
|---|---|---|---|---|---|---|
| $20,470.49 | $6,375.84 | $5,502.56 | $1,714.17 | $4,633.70 | $1,158.43 | $39,855.19 |

      The Defendants argue that there is a factual dispute as to the hours the plaintiff worked. He has admitted that during the weekdays when he should have been working for the Defendants, he was driving a school bus, presumably driving children to and from school twice a day.  The Defendants also allege that the Plaintiff actually hired someone to do part of his work as a janitor.

      The Defendants also allege that the FLSA does not apply because the Plaintiff's work as a janitor was not in commerce.  *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp.2nd 77 (E.D.N.Y. 2010).  If only the N.Y. wage law applied, the Plaintiff would not be entitled as a janitor to overtime or spread-of-hours pay.  12 N.Y.C.R.R. §141-1.4, 142-1.1.  The Defendants would also be allowed a credit for the value of the apartment they provided the Plaintiff.  12 N.Y.C.R.R. §141-1.5, 141-1.6.  This credit is not factored in the Plaintiff's calculations.

      The Defendants no longer employ the Plaintiff so there cannot be an issue of possible intimidation. The Plaintiff has been independently represented by counsel and has agreed to the settlement in open court after all the details were explained to him by counsel.

      The gross settlement figure accepted by the Plaintiff was $21,000.00.  This amount will be allocated to the Plaintiff's regular time wage claim, overtime wage claim, spread of hours claim, and to liquidated damages, and is inclusive of attorney's fees, which are on a one-third contingency basis.  Since the total of the wage claim was $39,855.19, this means that as a percentage, the settlement recovered 52% of the Plaintiff's total claim with all liquidated damages.  Given the Defendants' claims, the Parties believe that a 52% recovery is fair.

      In order to obviate litigation at this early stage which could always entail substantial discounts for periods of absence from work, breaks, and other interruptions, and to incentivize the Defendants to contribute funds which would otherwise have been utilized for defense costs toward a settlement, the parties mutually agreed to settle as indicated above.  The Plaintiff also wishes to avoid protracted litigation.  The Plaintiff has verbally advised his attorney of his decision to accept the settlement rather than continuing the litigation.

      It is respectfully requested that the requisite fairness finding be made with respect to the proposed settlement.

**3 |** P a g e
**Re: Colon v. GMG Realty Corp.,** *et ano*
**Index No.: 13-CIV-04173**
February 11, 2014

                                          Respectfully submitted,
                                          LAW OFFICES OF WILLIAM CAFARO


                                          __/s/ Amit Kumar___
                                          By: Amit Kumar, Esq.


                                          NOVAK, JUHASE & STERN


                                          __/s/ Kim Steven Juhase_____
                                          By: Kim Steven Juhase, Esq.


cc: Kim Steven Juhase, Esq. (via ECF)
    G. Alexander Novak, Esq. (via ECF)